UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN WETHERBEE,<br><br>              Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS; and DOES 1-10, inclusive<br><br>              Defendant. | CIVIL ACTION NO.<br>3:14-cv-1643-(SRU) |

## STIPULATION TO STAY LITIGATION PENDING ARBITRATION

**IT IS HEREBY STIPULATED AND AGREED** by Lemberg & Associates, LLC, attorneys for Plaintiff, and Duane Morris LLP, attorneys for Defendant, subject to the approval of the Court, that the above-captioned action shall be stayed, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, pending arbitration of the parties' dispute. As grounds for this Stipulation, the parties state:

      1.      The parties have entered into two Wireless Customer Agreements, the first in 2007 and the second in 2014, both of which contain arbitration provisions by which the Plaintiff explicitly agreed to settle disputes with the Defendant "only by arbitration" (with exception for certain small claims actions not relevant here). See 2007 Wireless Customer Agreement, attached as Exhibit A, p. 6; 2014 Wireless Customer Agreement, attached as Exhibit B, p. 7-8.

      2.      The parties agree that the claims in the Plaintiff's one-count Complaint, alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, comes within the scope of their agreement to arbitrate.

      3.      It is widely accepted that claims under the TCPA are arbitrable. See, e.g., Weingarten v. Colony Brands, Inc., 2013 U.S. Dist. LEXIS 118492 (D. Conn. Aug. 21, 2013) (granting motion to compel arbitration of TCPA claim).

4.	Section Three of the FAA provides for a stay of proceedings where the court is satisfied that the issue before it is arbitrable under the agreement.  See 9 U.S.C. § 3; Morales v. Rent-A-Center, Inc., 306 F. Supp. 2d 175, 179-80 (D. Conn. 2003).

5.	Courts are clear that federal public policy favors arbitration.  See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995); see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (FAA is said to "manifest a 'liberal federal policy favoring arbitration agreements'").

6.	The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original).

7.	Accordingly, the parties stipulate and agree that this action should be stayed pending arbitration of their dispute.

Dated:  February 11, 2015               Respectfully submitted,

By: /s/ Patricia R. Rich                By: /s/Sergei Lemberg
    Patricia R. Rich (CT24953)              Sergei Lemberg
    **DUANE MORRIS LLP**                    **Lemberg & Associates, LLC**
    100 High Street, Suite 2400             1100 Summer Street,
    Boston, MA 02110-1724                   Third Floor Stamford, CT 0690
    Email: PRich@duanemorris.com            Email: slemberg@lemberglaw.com
    Telephone: 857-488-4290                 Telephone: 203-653-2250
    Fax: 857-401-3049                       Fax: 203-795-3666
    Attorneys for Defendant                 Attorneys for Plaintiff

- 2 -

DM1\5361586.1

- 3 -

## Certificate of Service

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as unregistered participants on February 11, 2015.

                                    */s/ Patricia R. Rich*
                                    Patricia R. Rich